

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-12-0309-CR

_____

KHALIQ MEHMOOD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 368th District Court
Williamson County, Texas
Trial Court No. 11-945-K368, Honorable Burt Carnes, Presiding

March 19, 2013

## MEMORANDUM OPINION

Before Quinn, C.J., and Hancock and Pirtle, JJ.

Appellant, Khaliq Mehmood, was convicted of burglary of a habitation with intent to commit a felony, sexual assault.[1] Appellant was thereafter sentenced to 30 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant has appealed the trial court's judgment. We affirm.

---

[1] See TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011).

Appellant's attorney has filed an <u>Anders</u> brief and a motion to withdraw. <u>Anders v. California</u>, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion, the record reflects no reversible error upon which an appeal can be predicated. <u>Id</u>. at 744-45. In compliance with <u>High v. State</u>, 573 S.W.2d 807, 813 (Tex.Crim.App. [Panel Op.] 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court's judgment. Additionally, counsel has certified that he has provided appellant a copy of the <u>Anders</u> brief and motion to withdraw and appropriately advised appellant of his right to file a *pro se* response in this matter. <u>Stafford v. State</u>, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991) (en banc). The Court has also advised appellant of his right to file a *pro se* response. Appellant has filed a response.

By his <u>Anders</u> brief, counsel reviewed all grounds that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed these grounds and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. <u>See</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); <u>Bledsoe v. State</u>, 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no such arguable grounds and agree with counsel that the appeal is frivolous.

Appellant's *pro se* response to his attorney's <u>Anders</u> brief may be characterized as complaining of 1) general unfairness based upon his ethnic background and religion, 2) failure to have a fluent translator from English to Urdu, appellant's native language, and 3) a challenge to the jury's determination to believe the State's version of the

evidence rather than his testimony. We have reviewed each of appellant's complaints for support in the record and find that there is no support for the complaints. As to the issue of general unfairness, the record reveals that the subjects of appellant's ethnic background and religion were simply mentioned in passing, and there was no effort on the part of the State to emphasize these issues, nor were any objections made in the trial court based upon this assertion. As such, nothing in the record supports appellant's contention, nor is the same preserved for review. See TEX. R. APP. P. 33.1(a)(1). At no time during the trial did appellant ever object that he could not understand the proceeding due to having an incompetent translator who was not fluent in appellant's native language. Therefore, appellant's complaint is not preserved for appeal. See id. Regarding the jury's decision to convict appellant despite conflicting evidence, it is the duty of the jury to resolve conflicts in the evidence and we, the reviewing court, will not second guess their decision. See Ex parte Flores, 387 S.W.3d 626, 2012 Tex. Crim. App. LEXIS 1603, at *35 (Tex.Crim.App. Dec. 5, 2012).

Accordingly, counsel's motion to withdraw is hereby granted, and the trial court's judgment is affirmed.[2]

Mackey K. Hancock
Justice

Do not publish.

---

[2] Counsel shall, within five days after this opinion is handed down, send his client a copy of the opinion and judgment, along with notification of appellant's right to file a *pro se* petition for discretionary review. See TEX. R. APP. P. 48.4.

3